UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT PIERCE DIVISION

CASE NO. 24-CV-14153-CANNON/MAYNARD

KIMBERLY MARASCO,

    Plaintiff,

vs.

TAYLOR SWIFT PRODUCTIONS,
INC.,

    Defendant.
_____/

REPORT AND RECOMMENDATION
ON DEFENDANT'S MOTION TO DISMISS [DE 10]

**THIS CAUSE** comes before me upon an Order of Reference from presiding U.S. District Judge Aileen M. Cannon for appropriate disposition. DE 19. On April 10, 2024, *pro se* Plaintiff Kimberly Marasco initiated this action against Defendant Taylor Swift Productions, Inc., in the Nineteenth Judicial Circuit in and for St. Lucie County, Florida, Small Claims Division, captioned *Kimberly Marasco v. Taylor Swift Productions, Inc.* (Case No. 2024SC001385). DE 1. On May 15, 2024, the case was removed to the United States District Court for the Southern District of Florida. *Id*. On May 22, 2024, Defendant filed a Motion to Dismiss Plaintiff's Complaint ("Motion"). DE 10. On May 23, 2024, Plaintiff filed a response, to which Defendant replied on May 30, 2024. DE 12, DE 16. The fully-briefed Motion is now ripe for review.

Although not entirely clear, the Complaint appears to assert claims of copyright infringement against Defendant under the United States Copyright Act ("USCA"), 17 U.S.C. § 106. The Motion seeks to dismiss Plaintiff's Complaint with prejudice for failure to state a claim under Rule 12(b)(6) and for lack of personal jurisdiction under Rule 12(b)(2). DE 10 at 6-7.

1

Having considered the parties' briefing and for the reasons discussed below, I respectfully recommend that the Motion be **GRANTED** and that the Complaint be dismissed in its entirety with leave to amend.

## BACKGROUND

At this motion-to-dismiss stage, I will accept Plaintiff's factual allegations as true and construe them in the light most favorable to her.

Plaintiff is the author of two poetry books: "*Fallen from Grace*" and "*Dealing with a Chronic Illness: Vestibular Neuritis*," which title was later changed to "*Songs of the Unsung*." DE 1-1 at 3. The books contain unique and personal poems written by Plaintiff. Plaintiff filed for and obtained copyright registration for both books.[1]  *Id*., DE 1-4 at 1. Plaintiff says *Fallen from Grace* was submitted to "hundreds of literary agencies on querytracker.net," before being sent to Outskirts Press, Ukiyoto Publishers, and Amazon KDP for public mass distribution.

According to the Complaint, singer-songwriter Taylor Swift's "lyrics, themes, [and] images included on her Eras Tour" are "strikingly similar" to Plaintiff's "creative works" and violate Plaintiff's valid copyrights. DE 1-1 at 2-3. The creative works in question consist of (1) "a dance routine [Plaintiff] choreographed using a chair"; (2) poems included in *Fallen from Grace*; and (3) poems included in *Songs of the Unsung*. *Id*. at 2-6. According to Plaintiff, Ms. Swift was never given permission to use her creative works, and never provided any credit, mention, or compensation to Plaintiff for the alleged use of her creative works. *Id*. at 2.

Plaintiff claims several of Ms. Swift's songs are "substantially similar to the original elements of expression of [Plaintiff's] work." *Id*. at 3. The Complaint lists several songs by Ms.

---

[1] Plaintiff attaches the Certificate of Registration for *Dealing with a Chronic Illness* from the U.S. Copyright Office effective June 11, 2017. DE 1-1. Plaintiff did not attach any registration for *Fallen from Grace*.

Swift that allegedly copy metaphors, ideas, messages, context, expressions and even single, words found in Plaintiff's poems. Specifically, the Complaint alleges that:

- Lyrics to the song "*The Man*" are "strikingly similar" to Plaintiff's poem "*Ordinary Citizen*" and copy Plaintiff's "unique metaphors;"[2]

- Lyrics to the song "*My Tears Ricochet*" infringe upon Plaintiff's poem "*Scorpion*" by taking "the same exact idea" with allegedly similar lyrics. DE 1-1 at 3;

- Lyrics to the song "*Midnight Rain*" are "strikingly similar" to Plaintiff's poem "*Whirlwind*" by copying a "metaphor stating she IS rain." *Id.* at 4;

- Lyrics to the song "*Invisible String*" are "strikingly similar" to Plaintiff's poem "*Time*" by copying "the same exact message" about time. *Id.*;

- Song title and lyrics for "*My Tears Ricochet*" infringe upon Plaintiff's poem "*Innocence Lost*" because the song allegedly "rephrase[es] [Plaintiff's] verse" to copy the same metaphor "about catching someone's tears being reflected back onto them." *Id.*;

- Lyrics to the song "*Willow*" are similar to Plaintiff's poem "*Sky Tinted Water*" because "these two writings are in the usage of metaphors and placing human qualities and human emotions to elements of nature." *Id.* at 4–5.;

- Lyrics to the songs "*Hoax*" and "*Illicit Affairs*" infringe upon Plaintiff's poem "*Sky Tinted Water*" because they relate to the idea of "false love." *Id.* at 5;

- Lyrics to the songs "*Right Where You Left Me*" and "*It's Time To Go*" infringe upon Plaintiff's poem "*Stagnate*" because they "use[] the same exact words" and "same context and expressions." *Id.*;

- Lyrics to the song "*Who's Afraid of Little Old Me?*" use the same "unique phrase" present in Plaintiff's poem "*Gaslit*." DE 1-4 at 2;

- The introduction to the album "*The Tortured Poets Department*" ("TTPD") is "strikingly similar" to Plaintiff's introduction to *Songs of the Unsung* because it "paraphrased what [Plaintiff] wrote." *Id.*

---

[2] Plaintiff notes that approximately one year after her she published Ordinary Citizen, Ms. Swift released "The Man." DE 1-1 at 4. Plaintiff further claims Ms. Swift uses a technique called line reversal in order to hide infringement but she does not explain what line reversal is. *Id.*

3

The Complaint is silent as to Defendant Taylor Swift Productions, Inc., and its alleged role in using Plaintiff's creative works or violating her copyright.[3]

## STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 12(b)(6), a party may move to dismiss a complaint on the basis that it fails to state a claim upon which relief can be granted.  When considering such a motion, a court must accept the factual allegations pleaded in the complaint as true and must construe the complaint in the light most favorable to the plaintiff.  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007); *Jackson v. Bellsouth Telecomms.*, 372 F.3d 1250, 1262 (11th Cir. 2004).  However, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face" so as to "nudge [her] claims across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  In determining whether the plausibility standard has been met, a court must consider the pleading as a whole and must draw on judicial experience and common sense. *Id.*; *see also Speaker v. U.S. Dept. of Health & Human Services Centers for Disease Control & Prevention*, 623 F.3d 1371, 1380 (11th Cir. 2010) (citations omitted).  Courts are not "bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

A plaintiff need not detail all the facts on which her claim is based; rather, Rule 8(a)(2) requires only a short and plain statement that fairly notifies the defendant of what the claim is and

---

[3] Defendant Taylor Swift Productions, Inc. says it is neither the author nor copyright claimant on any of the alleged infringing Taylor Swift songs. DE 10 at 4. Following an application for copyright, a certificate is issued to the applicant under the seal of the United States Copyright Office by the Register of Copyrights. 17 U.S.C. § 410(c). Certificates contain the information in the application, which include the authors, publication date, registration number, and effective registration date. *Id.*, *see* DE 10-3. Here, Defendant attached Certificates of Registration and pending Certificates for the songs in question. DE 10-3. None of the certificates note Taylor Swift Productions, Inc. as an author or copyright claimant.

4

the grounds on which it rests. *Twombly*, 550 U.S. at 555-56; *Randall v. Scott*, 610 F.3d 701, 705 (11th Cir. 2010). The allegations must, however, be enough to raise a right to relief above the speculative level. *Twombly,* 550 U.S. at 555-56. The Federal Rules demand "more than an unadorned, the-defendant-unlawfully-harmed-me-accusation." *Iqbal*, 556 U.S. at 662. "Mere 'labels and conclusions or a formulaic recitation of the elements of a cause of action will not do,' and a plaintiff cannot rely on 'naked assertions devoid of further factual enhancement.'" *Franklin v. Curry*, 738 F.3d 1246, 1251 (11th Cir. 2013) (citation omitted). "[I]f allegations are indeed more conclusory than factual, then the court does not have to assume their truth." *Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1337 (11th Cir. 2012).

In reviewing a complaint filed by a *pro se* litigant, a court must apply the "liberal construction to which pro se pleadings are entitled." *Holsomback v. White*, 133 F.3d 1382, 1386 (11th Cir. 1998); *see also Alba v. Montford*, 517 F.3d 1249, 1252 (11th Cir. 2008) (noting that *pro se* pleadings are held to a less strict standard than pleadings from counseled parties and are liberally construed). Liberally construing a *pro se* pleading does not give "a court license to serve as de facto counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action." *Campbell v. Air Jamaica Ltd.*, 760 F.3d 1165, 1168-69 (11th Cir. 2014) (quotation omitted). Ultimately, the question is not whether the claimant "will ultimately prevail … but whether [her] complaint [is] sufficient to cross the federal court's threshold." *Skinner v. Switzer*, 562 U.S. 521, 530 (2011).

## **ANALYSIS**

Plaintiff's Complaint must be dismissed for two reasons. First, it violates Eleventh Circuit case law prohibiting shotgun pleadings. Second, it fails to plausibly allege essential elements of a copyright claim.

### A. Shotgun Pleading

The Complaint should be dismissed because it is a shotgun pleading. It is well settled that shotgun pleadings "are altogether unacceptable . . . [and] exact an intolerable toll on the trial court's docket." *Cramer v. State of Fla.*, 117 F.3d 1258, 1263 (11th Cir. 1997). At present, Plaintiff's Complaint is set forth on what appears to be the state court's Small Claims Complaint/Affidavit Form. DE 1-1. It contains a brief, one paragraph description of the claim, and says Plaintiff seeks $100 in damages, plus interests and court costs. *Id*. Attached to the form is a four-page, single spaced narrative description of Plaintiff's allegations. While this format may be sufficient to allege claims in small claims court, it is not sufficient in federal court.

The Eleventh Circuit has identified four general categories of shotgun pleadings: (1) a complaint "containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint"; (2) a complaint that is "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action"; (3) a complaint that fails by "not separating into a different count each cause of action or claim for relief. "; and (4) a complaint that asserts "multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1321-23 (11th Cir. 2015).

Here, the Complaint falls into at least the second and third categories of impermissible shotgun pleadings. The Complaint contains vague and conclusory allegations that Defendant copied a dance routine Plaintiff "choreographed using a chair," but fails to identify the dance (of which Ms. Swift has performed many) or plead any facts that show Plaintiff wrote the

choreography or how Ms. Swift accessed it.  Moreover, the Complaint does not separate Plaintiff's claims into different counts for each cause of action or claim for relief.  It is written in narrative format and does not specify whether there is one or multiple counts of copyright infringement or whether Defendant should respond to one general claim of copyright infringement, a claim for infringement of each poetry book, or almost a dozen claims of copyright infringement for each allegedly infringed upon poem or dance.  Plaintiff also does not identify which of her books contains each poem that was allegedly infringed.  Plaintiff must clearly set out her claims by alleging each violation in individual counts.

Further, the Complaint violates Rule 8's requirement for "a short and plain statement of the claim." Fed. R. Civ. P. 8.  The purpose of the federal pleading rules is to ensure a plaintiff presents her claims "discretely and succinctly" so that her adversary can discern what she is claiming and frame a responsive pleading.  *Barmapov v. Amuial*, 986 F.3d 1321, 1324 (11th Cir. 2021) (quoting *Weiland*, 792 F.3d at 1320).  And while pleadings from *pro se* litigants are held to a less stringent standard than pleadings drafted by attorneys, they still must meet minimal pleading standards.  *Tannenbaum v. U.S.* 148 F.3d 1262, 1263 (11th Cir. 1998); *Nassar v. Nassar*, 2020 WL 9460330, at *2 (S.D. Fla. July 16, 2020).  The Complaint does not explain why Plaintiff is suing the named Defendant – Taylor Swift Productions, Inc.  Plaintiff's allegations solely concern Ms. Swift, and besides being named, there is no other mention of Taylor Swift Productions, Inc. in the Complaint.  As presently pleaded, Defendant Taylor Swift Productions, Inc. has no notice of what it did and cannot be expected to respond.  Plaintiff also has failed to allege any facts showing how this Court has personal jurisdiction over the Defendant.

Plaintiff's Complaint should therefore be dismissed.  Plaintiff should be afforded an opportunity to amend her Complaint and address the deficiencies discussed in this Report, since

she is *pro se*, the operative complaint was initially filed in state court, and this would be her first amendment.

### B.  Failure to State a Claim

Because I recommend dismissal on shotgun pleading grounds at this juncture, I will not go into detail about Defendant's other arguments. Plaintiff is reminded, however, that "**a complaint must contain enough facts to indicate the presence of the required elements.**" *Principe v. Seacoast Banking Corp. of Fla.*, 2010 WL 11558219, at *2 (S.D. Fla. Mar. 25, 2010) (emphasis added). Copyright infringement requires that (1) a plaintiff owned a valid copyright and (2) a defendant copied constituent elements of the work that are original. *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991). To establish copying, the plaintiff must show that the defendant had access to the copyrighted work and that the two works are so "substantially similar that an average lay observer would recognize the alleged copy as having been appropriated from the original work." *Calhoun v. Lillenas Publ'g*, 298 .3d 1228, 1232 (11th Cir. 2002); *Herzog v. Castle Rock Entertainment*, 193 F.3d 1241, 1248 (11th Cir. 1999) (citation omitted). If the plaintiff cannot show access, she can still survive a motion to dismiss by alleging facts showing that the works are "strikingly similar." *Id*. at 1232 n. 6. Striking similarity exists where proof of similarity is so striking that the possibilities of independent creation, coincidence, and prior common source are, as a practical matter, precluded. *Corwin v. Walt Disney Co.*, 475 F.3d 1239, 1253 (11th Cir. 2007). The mere fact that a work is copyrighted does not mean every element of the work is protected, because copyright protection extends only to the **original** elements of expression in a work. *Baby Buddies, Inc. v. Toys "R" Us, Inc.*, 611 F.3d 1308, 1316 (11th Cir. 2010).

As written, the Complaint primarily seeks copyright protection for general ideas, themes, and metaphors that show up commonly in music and poetry. That is insufficient. Ideas, concepts, common themes, single words, and general metaphors do not warrant copyright protection. 17 U.S.C.

§ 102(b); *see also Singleton v. Dean*, 611 Fed. Appx. 671, 672 (11th Cir. 2015).  For example, Plaintiff compares her poem, *Ordinary Citizen,* to Taylor Swift's song*, The Man*, claiming that she came up with an "original metaphor" that expresses "no matter how hard she works her efforts are futile in relation to a man." *Id*.  But this is a ubiquitous metaphor, found in numerous poems, songs, and other forms of expression.  *See, e.g.*, Beyoncé Knowles Carter, *If I Were a Boy,* on I am… Sasha Fierce (Columbia Records 2008); Chaka Khan, *A Woman in a Man's World* (Warner Bros. Records 1978).  As another example, Plaintiff alleges her poem, *Scorpion* and Ms. Swift's song*, My Tears Ricochet*, share the theme of communicating with a loved one who has passed. *Id*.  Once again, this concept or theme is not unique or original.  *See, e.g.,* Eric Clapton, *Tears in Heaven*, on Rush (Warner Bros. Records 1992); Wiz Khalifa, *See You Again,* on Furious 7 Soundtrack (Atlantic Records, 2014).

## CONCLUSION

Because the Complaint is a shotgun pleading and fails to state a claim, I respectfully **RECOMMEND** that Defendant's Motion to Dismiss, DE 10, be **GRANTED** and the Complaint be **DISMISSED WITHOUT PREJUDICE**.  Plaintiff should be afforded another opportunity to amend her Complaint to address the deficiencies discussed in this Report.

If Plaintiff is given an opportunity to amend her Complaint, she must do so in a manner that meets the requirements of the Federal Rules of Civil Procedure.  Plaintiff is cautioned that any amended complaint must provide a short and plain statement of Plaintiff's claims; must state claims in numbered paragraphs limited to a single set of relevant circumstances; must state the legal basis for each cause of action founded on a separate occurrence in a separate count; must specify who Plaintiff is suing in each cause of action and why; and must set forth facts – not speculations, opinions, or legal conclusions – that plausibly demonstrate a basis for the claims.  Plaintiff is also on notice that she must set forth facts showing **original** elements of expression in her

9

copyrighted works that are **substantially or strikingly similar** to the allegedly copied works in order to state a claim and avoid dismissal. Failure to comply will result in dismissal with prejudice. *See Campbell*, 760 F.3d at 1168-69 (Liberally construing a *pro se* pleading does not give "a court license to serve as de facto counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action."); *Phillips v. Mashburn*, 746 F.2d 782 785 (11th Cir. 1984) (A party's *pro se* status "should not be a broad highway into the federal courts.").

## NOTICE OF RIGHT TO OBJECT

The parties shall have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with U.S. District Judge Aileen M. Cannon. Failure to file objections timely shall bar the parties from a de novo determination by the District Judge of an issue covered in the Report and Recommendation and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1 (2016). **Conversely, if a party does not intend to object to this Report and Recommendation, then that party shall file a Notice of such within five (5) days of the date of this Report and Recommendation.**

**DONE AND RECOMMENDED** in Chambers at Fort Pierce, Florida, this 26th day of July, 2024.

_____
SHANIEK MILLS MAYNARD
U.S. MAGISTRATE JUDGE