UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF FLORIDA

FORT PIERCE DIVISION



Case No. 24-cv-14153-CANNON/SMM

KIMBERLY MARASCO

    Plaintiff,

v.

TAYLOR SWIFT and TAYLOR SWIFT
PRODUCTIONS, INC.

    Defendants.

### PLAINTIFF'S MOTION TO RECONSINDER SERVICE BY ALTERNATIVE METHODS

The plaintiff, Kimberly Marasco, moves this Honorable Court to allow reconsideration of service of process upon defendant, Taylor Swift, by alternative methods. Florida Rules of Civil Procedure note that if the party's residential address is unknown or service of process cannot be carried out at the party's home for some reason, alternative methods for service of process is allowed. Fla. Stat. § 48.171 allows for alternative methods upon a defendant who is concealing his or her whereabouts. The defendant, Taylor Swift, conceals her addresses and her whereabouts are unknown. The plaintiff, Kimberly Marasco, states as follows:

1. A due diligence search and inquiry was performed by the plaintiff to locate the defendant.

2. An individual, corporation, or association that is subject to service under Rule 4(e), (f),

    or (h) has a duty to avoid unnecessary expenses of serving the summons. The plaintiff may

Prepared with the help of an Attorney

notify such a defendant that an action has been commenced and request that the defendant or defendants' legal team waive service of a summons.

3. On November 12th, 2024, the plaintiff sent the defendant's attorneys via Overnight Priority Express Mail two copies of the waiver form, summons and complaint with a prepaid envelope to return the form. However, the defendant's attorney replied with a refusal to accept the waiver (Exhibit B).

4. *Failure to Waive.* If a defendant located within the United States fails, without good cause, to sign and return a waiver requested by a plaintiff located within the United States, the court must impose on the defendant: the expenses later incurred in making service; and any other reasonable expenses in conducting searches.

5. Under Florida Statute 48.031(6)(a), if the plaintiff cannot locate the defendant, or their authorized agent, then alternative methods can be requested.

6. Alternative methods to serve a summons in Florida include posting it electronically to the Court's website, publishing a notice in a newspaper, sending first class or certified mail to the last known address, or by delivering to the business owned by the defendant.

7. Florida Legislature passed S.B. 1062 permits service of process by "other means" when traditional methods of service have been unsuccessful, including by email or other electronic means.

8. After a thorough and diligent search, the defendant, Taylor Swift, whereabouts are unknown.

9. On Sept 6th, 2024, a process server with ABC Legal attempted to serve Taylor Swift at the defendants' business location at 13 Management Company at 718 Thompson Ln Ste 108256, Nashville, TN, 37204. However, the company refused to accept service for the defendant.

10. ABC Legal unsuccessfully served the defendant at another location owned by the defendant: C T Corporation 300 Montvue Rd. Knoxville, TN 37919.

11. Undisputed Legal, another process server, tried multiple times to serve defendant Taylor Swift at a reported home address listed on a public website at 155 Franklin Ave, New York, NY 10013. Their attempts were unsuccessful (Exhibit A). Attempts were made on the following dates: Sept 23rd, Oct 16th, Oct 17th, and Oct 18th.

12. On Oct 21st, ABC Legal tried to serve the defendant at another reported home address found online at 32 Northumberland Nashville, TN 37215. The summons was accepted by a person by the name "Jenny Shre"; however, the defendant's attorneys stated this is not the correct address.

13. According to Ownerly, a database of public records to verify identities, the defendant's purported addresses (as found in google search results) are held under Trustees, not in her name, which makes the task of proving where she resides complex.

14. Upon information and belief, Taylor Swift is constantly traveling and performing concerts for her Eras Tour.

15. The attorneys at Veneable LLP replied to court motions stating they represent both Taylor Swift and Taylor Swift Productions, thus the plaintiff asked if they would accept service on their client's behalf. This was rejected (Exhibit B).

16. Since the plaintiff was unable to serve defendant, the plaintiff requests the Court allow for alternative service. There would be no prejudice to defendant allowing for alternative service. The only appropriate path under these circumstances is to allow the plaintiff to serve Taylor Swift via alternative methods.

Accordingly, plaintiff prays this Honorable Court grant an Order allowing service of process upon defendant, Taylor Swift, by one of the following methods:

A. Electronically by email, on the Court's website or in a public forum such as a newspaper

B. By leaving the summons at the business location where the defendant operates: Taylor Swift at 13 Management Company 718 Thompson Ln Ste 108256, Nashville, TN 37204.

C. By leaving the summons at a private mailbox (PMB) address for the defendant: 242 West Main Street PMB 412 Hendersonville, TN 37075,

D. Any other further relief this Court deems appropriate.

Respectfully submitted,

*Kimberly Marasco*

Kimberly Marasco
1561 Pheasant Walk
Apt C
Fort Pierce, FL 34950
Marasco_kim@yahoo.com

Signed: November 14th, 2024

Prepared with the help of an Attorney