UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
FORT PIERCE DIVISION
NO: 2-24-CV-14153 Amended



RESPONSE TO THE COURT'S ORDER TO SHOW CAUSE
FOR FAILURE TO PERFECT SERVICE OF PROCESS

(All pages were prepared with the help of attorneys)

Kimberly Marasco
Plaintiff,

VS

Taylor Swift, an individual   and
Taylor Swift Production, a Tennessee Corporation
Defendants )

1. Plaintiff, Kimberly Marasco, hereby files this Response to the Court's Order To Show Cause dated November 21, 2024 and, for the reasons stated herein, respectfully requests that the Court not dismiss this action.

2. In the Ninth Circuit, "[a]t a minimum, 'good cause' means excusable neglect." *In re Sheehan*, 253 F.3d 507, 512 (9th Cir. 2001). "[G]ood cause generally means that service has been attempted but not completed, that plaintiff was confused about the requirements of service, or that plaintiff was prevented from serving defendants by factors beyond his control." *Chemehuevi Indian Tribe v. Wilson*, 181 F.R.D. 438, 440 (N.D. Cal. 1998) (internal quotation marks omitted).

3. The legal test for a diligent search is whether the plaintiff: (1) reasonably employed the knowledge at his command, (2) made diligent inquiry, and (3) exerted an honest and conscientious effort appropriate to the surrounding circumstances to acquire the information necessary to effect personal service on the defendant. See, *Miller v. Partin,* 31 So. 3d 224 (Fla. Dist. Ct. App. 5th Dist. 2010).

4. The plaintiff must be able to show that there was a diligent search and inquiry to discover the name and residence of the defendant. Then there can be effective alternative means of service of process (*e.g.,* service by publication.)

5. Plaintiff made several attempts but was prevented from serving defendant, Taylor Swift, by factors beyond her control.

6. Florida Rules of Civil Procedure note that if the party's residential address is unknown or service of process cannot be carried out at the party's home for some reason, alternative methods for service of process may be requested.

7. Fla. Stat. § 48.171 allows for alternative methods upon a defendant who is concealing his or her whereabouts.

8. Fla. Stat. § **48.03** (1)(a) states that "Service of original process is made by delivering a copy of it to the person to be served with a copy of the complaint, petition, or other initial pleading or paper or by leaving the copies at his or her usual place of abode with any person residing therein who is 15 years of age or older and informing the person of their contents".

9. The Plaintiff researched defendant's addresses using Ownerly, a digital real estate platform that provides property ownership and other property data.

10. An individual, corporation, or association that is subject to service under Rule 4(e), (f), or (h) has a duty to avoid unnecessary expenses of serving the summons. The plaintiff may notify such a defendant that an action has been commenced and request that the defendant or defendants legal team waive service of a summons.

11. Under Florida Statute 48.031(6)(a), if the plaintiff cannot locate the defendant, or their authorized agent, then alternative methods can be requested.

12. Alternative methods to serve a summons in Florida include posting it electronically to the Court's website, publishing a notice in a newspaper, sending first class or certified mail to the last known address, or by delivering to the business owned by the defendant.

13. Florida Legislature passed S.B. 1062 permits service of process by "other means" when traditional methods of service have been unsuccessful, including by email or other electronic means.

The Plaintiff, Kimberly Marasco, states as follows:

14. After a thorough and diligent search, the defendant's whereabouts are unknown.

15. On November 12th, 2024, the plaintiff sent the defendant's attorneys via Overnight Priority Express Mail two copies of the waiver form, summons and complaint with a prepaid envelope to return the form. However, the defendant's attorney replied with a refusal to accept the waiver form (Exhibit A).

16. On September 4th, 2024, ABC Legal attempted service upon Taylor Swift at 718 Thompson Ln., Nashville, TN, 37204. However, the process of service was not accepted at this location. This is the location reported by Ownerly to be owned by Taylor Swift (Exhibit B & C).

17. Undisputed Legal, another process server, tried multiple times to serve defendant Taylor Swift at a reported home address at 155 Franklin Ave, New York, NY 10013. Shaina Mishkin is a reporter covering residential real estate and reported the location of 155 Franklin Ave, New York, NY 10013 to be owned my Taylor Swift. Undisputed Legal's attempts as serving the defendant were unsuccessful (Exhibit D).

18. ABC Legal returned an affidavit stating they **served** the defendant at 32 Northumberland Nashville, TN 37215. A search was conducted on Google to locate public addresses of Taylor Swift and the plaintiff found a location reported by an online article authored by Sandra James;

URL styleofhome.com/taylor-swift-house (Exhibits E & F). The summons was accepted by a person by the name "Jenny Shre"; however, several weeks later, the defendant's attorneys stated this is not the correct address. The Plaintiff is unable to confirm if their statements are true since Taylor Swift's addresses are held under Trusts, and not in her name.

19. According to the Wall Street Journal, Taylor Swift uses trusts and limited liability companies (LLCs) to buy homes throughout the US (exhibit G)

20. Kelly Kennedy Mack, the president of Corcoran Sunshine Marketing Group, said that of the 600 apartments in new development projects she had worked on last year, about 30 percent had been bought through trusts and LLCs. "There are a number of reasons someone would want to buy an apartment this way," she said. "One reason, obviously, is anonymity. But in other cases, it is for investment purposes."

21. Due to the fact that the defendant's addresses are held under Trusts, the plaintiff cannot confirm any of the reported addresses are the defendant's actual place of abode.

22. Taylor Swift is constantly traveling and performing concerts for her Eras Tour (Exhibit H).

23. An individual, corporation, or association that is subject to service under Rule 4 (e), (f), or (h) has a duty to avoid unnecessary expenses of serving the summons. Since the plaintiff made multiple attempts but was unable to service the defendant by traditional means, the plaintiff requested the Court allow service of process by alternative methods and that there would be no prejudice to defendant for allowing alternative service. The alternate methods to service of processes included:

   A. Publishing the notification in a public forum, such as a newspaper or electronically on the court's website

    B. By leaving the summons at the business location where the defendant operates: **Taylor Swift at 13 Management Company 718 Thompson Ln Ste 108256, Nashville, TN 37204**.

    C. By leaving the summons at a private mailbox (PMB) address for the defendant: **242 West Main Street PMB 412 Hendersonville, TN 37075**.

24. Fla. Stat. § 49.011 (constructive service), is warranted in cases where personal service has been unsuccessful. The plaintiff requested the Court allow alternative methods to serve the defendant but has not been granted so far.

25. The plaintiff acknowledges that the November 19, 2024, deadline has passed and requests an extension in light of the diligent but unsuccessful efforts to serve the defendant.

26. Koster v. Sullivan, 160 So. 3d 385 (Fla 2015) stresses strict compliance with service statutes, therefore an extension would allow plaintiff to comply fully with the law.

27. A dismissal of the case at this stage would be unfair and waste judicial resources, especially since the plaintiff has made every effort to serve the defendant.

28. A practical next step would be to further investigate, or hire a private investigator, to confirm the defendant's residences and reattempt service at other locations if found.

29. If the case is dismissed, the plaintiff intends to refile or appeal the decision.

30. A formal letter to the Court requesting an extension to the deadline for effectuating service of process is provided in this request (Exhibit I).

Respectfully submitted,
*/s/ Kimberly Marasco*
Kimberly Marasco
1561 Pheasant Walk
Apt C
Fort Pierce, FL 34950

Nov 22, 2024