**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**
**FORT PIERCE DIVISION**

**Case No. 24-cv-14153-CANNON/SMM**

KIMBERLY MARASCO

      Plaintiff,

v.

TAYLOR SWIFT PRODUCTIONS, INC.

      Defendant.

**DEFENDANT'S MOTION TO DISMISS THE SECOND AMENDED COMPLAINT**
**AND INCORPORATED MEMORANDUM OF LAW**

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendant Taylor Swift Productions, Inc. ("Defendant" or "TSP") moves this Court for an Order dismissing with prejudice Plaintiff Kimberly Marasco's ("Plaintiff's") Second Amended Complaint ("SAC") [ECF 42]. In support of its Motion, Defendant states as follows:

## INTRODUCTION

Plaintiff has failed on her third and "**final opportunity to plead her claims**" [ECF 41], and her claims remain, as they have always been, utterly baseless. To state a claim for copyright infringement, Plaintiff must plausibly allege that Defendant copied protectible elements of Plaintiff's compositions. Plaintiff failed to do this in all three of her complaints. Plaintiff's original complaint was dismissed as a shotgun pleading and for failing to state a claim. [ECF 20 at 5–10, ECF 23]. After two more attempts to state any cognizable claim, Plaintiff's allegations still fail for several reasons: (1) Plaintiff has failed to identify any copyright infringement by TSP; (2) the allegedly infringed elements in Plaintiff's poems are not protected by copyright law, as Plaintiff still confuses "expression" with metaphors, themes, contexts, ideas, and single words or short lines despite it being black letter copyright law that these elements are not protected expression (for instance, neither the metaphor of being submerged underwater nor the word "love" are protected by copyright law); (3) Plaintiff still fails to plausibly plead unlawful copying—failing to show both access and substantial or striking similarity between the works—for all thirteen counts; and (4) more than half of Plaintiff's claims are time-barred. In sum, Plaintiff's claims remain entirely unfounded, and her "final opportunity" to state a claim fails. At this juncture, dismissal with prejudice is required.

## ALLEGATIONS OF THE SECOND AMENDED COMPLAINT

Plaintiff is the author and copyright owner of two poetry books: Dealing with a Chronic

Illness: Vestibular Neuritis ("Dealing") and Fallen from Grace ("Fallen"). [ECF 42 ¶¶ 2, 14, 15].[1]

Plaintiff obtained copyright registration for Dealing on July 11, 2017, under registration number

TXu2-061-218, and Fallen on May 27, 2020, under registration number TXu2-200-550. [*Id.* ¶¶ 14,

15; ECF 42-2]. Plaintiff alleges that Dealing was "published and offered for sale to the public in

2018 by Outskirts Press" under a "contract that ended in 2019" and thus, "is no longer available

online." [ECF 42 ¶¶ 14, 64]. She further alleges that "[a]nother publisher, Ukiyoto, re-published

(Dealing, 2018) in 2019" which "may still be purchased via their outlets." [*Id.* ¶ 64]. Plaintiff

alleges that Fallen (renamed "Songs of the Unsung") was "self-published and available on Amazon

KDP . . . in 2019." [*Id.* ¶¶ 2, 15, 64]. Plaintiff claims that she has "published and sold copies of the

Works on Amazon and other online outlets," and that Defendant "had access to the Works due to

the Works being published for wide dissemination via online websites as well as publishing

companies" and being "publicly available for sale online." [*Id.* ¶¶ 17, 66]. She fails, however, to

provide any facts that these publishers could widely disseminate the works, or which "other online

outlets" offered the books for sale, how many copies were published and sold, and for how long

the books were available for purchase.

Plaintiff alleges that "[o]n information and belief, TSP infringed Plaintiff's exclusive

rights . . . by creating video content using the infringing derivative songs, distributing copies of

the works, and publicly performing infringing derivative songs online and in concert." [*Id.* ¶ 69].

Based on this, she asserts thirteen counts of purported copyright infringement. [*Id.* ¶ 26]. The

counts include allegations of copying of (i) ubiquitous metaphors found in numerous forms of

expression (for example, "a person falsely led to believe in love"); and/or (ii) individual words or

---

[1] For purposes of this Motion only, Defendant accepts the non-conclusory, factual allegations in the SAC as true. To be clear, Defendant vigorously disagrees with and contests those allegations.

short phrases plucked from random spots within the works (for example, "tears," "running," "mean," and "it's time to go")  [*id.* ¶¶ 27–52], both of which the Court has already ruled are insufficient to plead copyright infringement and are not afforded copyright protection in any circumstance. [ECF 20 at 8–9]; 37 C.F.R. § 202.1(a). While Plaintiff alleges Defendant's works[2] are both substantially and strikingly similar to Plaintiff's works because they allegedly share the same unprotected ideas, individual words, or short phrases, a cursory comparison of the works shows there are no similarities between any of the identified works. Full lyrics of each of the allegedly infringing songs identified in the SAC are included as **Exhibit A**.[3]

## LEGAL STANDARD

To survive a motion to dismiss under Rule 12(b)(6), Plaintiff "must plead sufficient facts to show entitlement to relief and must plead 'more than labels and conclusions' [as] a formulaic recitation of the elements of a cause of action will not do.'" *Sieger Suarez Architectural P'ship, Inc. v. Arquitectonica Int'l Corp.*, 998 F. Supp. 2d 1340, 1345 (S.D. Fla. 2014) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Rather, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).  "All litigants, *pro se* or not, must comply with the Federal Rules of Civil Procedure." *Jackson v. JPay Corp.*, No. 19-cv-20341, 2020 WL 5264514, at *1 (S.D. Fla. July 27, 2020), *aff'd*, 851 F. App'x 171 (11th Cir. 2021). When reviewing a *pro se* plaintiff's complaint, "the court does not have license to serve as de facto

---

[2] As explained below, the songs at issue are in fact <u>not</u> Defendant's works. *See infra* Section A.

[3] "Courts may consider materials that are incorporated by reference into a complaint without converting a motion to dismiss to a motion for summary judgment if the document is (1) central to plaintiff's claim and (2) undisputed." *Hubbard v. BankAtlantic Bancorp, Inc.*, 625 F. Supp. 2d 1267, 1279 (S.D. Fla. 2008); *Reeves v. United States*, 526 F. Supp. 3d 1226, 1233 (S.D. Fla. 2021).

counsel for a party or to rewrite an otherwise deficient pleading in order to sustain an action." *Id.*

## **ARGUMENT**

**A. The Court Should Dismiss the SAC with Prejudice Because Plaintiff Has Not Identified Copyright Infringement by TSP.**

Plaintiff does not sufficiently allege copyright infringement by Defendant for two distinct reasons, and thus, dismissal with prejudice should be granted.

First, a suit for copyright infringement must be based on the infringement of a copyright owner's exclusive rights under the Copyright Act:  (1) reproduce copyrighted work in copies, (2) prepare derivative works, (3) distribute copies, (4) publicly perform the copyrighted work, (5) publicly display the copyrighted work, or (6) publicly perform the copyrighted work by means of digital audio transmission. 17 U.S.C. § 106. If, as here, the defendant has not taken any actions to infringe upon one of these rights, that defendant cannot be liable for copyright infringement. *See Thompson v. Looney's Tavern Prods., Inc.*, 204 F. App'x 844, 852 (11th Cir. 2006) (involving *pro se* plaintiff); *Burroughs Payment Sys., Inc. v. Symco Grp., Inc.*, No. 1:10-cv-03029, 2011 WL 13217738, at *2 (N.D. Ga. Dec. 13, 2011) (dismissing copyright infringement claim where plaintiff did not allege defendant violated plaintiff's exclusive rights).

Plaintiff admits that the purported infringing act of creating the allegedly infringing works for eleven of the thirteen claims (Counts II–VIII and X–XIII) is attributed to an entity other than Defendant. [ECF 42 ¶¶ 27–52; ECF 42-4 at 1 (identifying Taylor Swift ("Artist") as the author of the allegedly infringing works)]. In these counts, Plaintiff claims the allegedly infringing songs and one Instagram caption are similar to her poems and thus infringe upon her rights; however, Plaintiff does not (and cannot) allege that TSP created the songs or caption. [ECF 42 ¶¶ 27–52]. Indeed, Defendant is "an in-house visual media production company" and took no part in creating musical compositions or Instagram captions, but rather produces music videos and motion

pictures. [*See id.* ¶ 70 (stating that the allegedly infringing music belongs to and was performed by Artist, and "the related videos [were] produced by TSP")]. Clearly, Defendant has absolutely nothing to do with the creation of the allegedly infringing songs and Instagram caption that serve as the basis for eleven of Plaintiff's claims.

Second, Plaintiff's conclusory allegations of copyright infringement by Defendant based "on information and belief" are insufficient to state a claim. *Scott v. Experian Info. Sols., Inc.*, No. 18-cv-60178, 2018 WL 3360754, at *6 (S.D. Fla. June 29, 2018) ("Conclusory allegations made upon information and belief are not entitled to a presumption of truth, and allegations stated upon information and belief that do not contain any factual support fail to meet the *Twombly* standard."); *United Am. Corp. v. Bitmain, Inc.*, 530 F. Supp. 3d 1241, 1261 n.21 (S.D. Fla. 2021). Plaintiff alleges "[o]n information and belief," that TSP infringed upon her poems by "creating video content using the infringing derivative songs, distributing copies of the works, and publicly performing the infringing derivative songs online and in concerts." [ECF 42 ¶ 69; *see id.* ¶ 18]. Thus, Plaintiff's key allegations of TSP's purported infringement are solely made upon "information and belief." [*Id.* ¶¶ 18, 21, 69, 71–72]. These allegations are unsupported by any specific facts and thus, fail to satisfy the *Twombly* standard. *See, e.g.*, *United Am. Corp.*, 530 F. Supp. 3d at 1261 n.21; *Misquith v. Borrego*, No. 20-cv-81123, 2022 WL 782545, at *3 (S.D. Fla. Mar. 15, 2022) ("Plaintiff's 'upon information and belief' allegation[s] [are] simply a variation of pleading an element of a cause of action without factual support and will not withstand a motion to dismiss."), *aff'd*, 2023 WL 2156635 (11th Cir. Feb. 22, 2023); *George & Co., LLC v. Alibaba.com, Inc.*, No. 2:10-cv-719, 2011 WL 6181940, at *3 (M.D. Fla. Dec. 13, 2011).

## B. The Court Should Dismiss the SAC with Prejudice Because the Allegedly Infringed Elements are Not Protected Elements of Expression.

Plaintiff claims infringement of the same non-copyrightable elements as alleged in her

5

earlier complaints; and does not cure the fact that Plaintiff's allegedly infringed upon elements are not protectible under copyright law. In this regard, nothing has changed from Plaintiff's last two unsuccessful attempts to allege infringement, and Plaintiff's claims again fail for this reason.

To state a claim for copyright infringement, Plaintiff must plead that Defendant "copied protectible elements of the plaintiff's composition." *Davis v. Raymond*, No. 12-cv-22578, 2012 WL 12868729, at *2 (S.D. Fla. Nov. 30, 2012). Protectible elements are "elements of the work that are original." *Sieger Suarez*, 998 F. Supp. 2d at 1345; *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991). Elements are original if they were "independently created by the author" and "possess[] at least some minimal degree of creativity." *Feist*, 499 U.S. at 346. "Copyright protection does not automatically extend to every component of a copyrighted work, and, sometimes, elements of a work that a plaintiff seeks to protect are objectively not copyrightable." *Brandon v. New Power Generation*, No. 15-cv-22738, 2017 WL 1437560, at *4 (S.D. Fla. Apr. 3, 2017). Simply put, a "copyright is limited to those aspects of the work—termed 'expression'—that display the stamp of the author's originality." *Harper & Row Publishers, Inc. v. Nation Enterprises*, 471 U.S. 539, 547 (1985).

Plaintiff's allegations have not substantively changed in her three separate complaints in this matter, and thus she again fails to plead copyright infringement of protected elements of expression. [*See* ECF 42 ¶¶ 27–52; ECF 20 at 8–9 ("As written, the Complaint primarily seeks copyright protection for general ideas, themes, and metaphors that show up commonly in music and poetry. That is insufficient.")]. For example, Plaintiff still alleges the infringed elements are Plaintiff's ideas about "a woman being gaslighted," "a person communicating with someone who is deceased," "a person being falsely led to believe in love," and "a unique reference to actually being the rain/storm which is an original expression." [ECF 42 ¶¶ 32, 34, 36]. Fatal to Plaintiff's

claims, "[i]n no case does copyright protection for an original work of authorship extend to any **idea**, procedure, process, system, method of operation, **concept**, principle, or discovery, regardless of the form in which it is described, explained, illustrated, or embodied in such work." 17 U.S.C. § 102(b); 37 C.F.R. § 202.1(b); [*see also* ECF 20 at 8–9]. Specifically, noncopyrightable elements include **metaphors**, **contexts**, and **themes**. *See Portionpac Chemical Corp. v. Sanitech Sys., Inc.*, 217 F. Supp. 2d 1238, 1246 (M.D. Fla. 2002); *Singleton v. Dean*, 611 F. App'x 671, 672 (11th Cir. 2015) (affirming Rule 12 dismissal of *pro se* plaintiff's complaint because the "alleged similarities either do not exist or concern broad ideas"). Plaintiff alleges Defendant infringed upon metaphors, themes, contexts, or ideas from Plaintiff's poems, which are not protected expression and are thus, impossible to infringe upon.[4] [ECF 20 at 8–9].

Additionally, Plaintiff continues to allege several instances of copyright infringement of individual words, short phrases, or single lines present in her poems—elements that this Court has already ruled are not protected. [ECF 20 at 8–9]. For example, Plaintiff alleges that the allegedly infringing works are substantially similar to Plaintiff's poems because they use the same words present in her poems, including: "tears," "yelling," "running," "fear," "time," "rain," "sky," "waves," "cruel," "mean," "desire," "love," "invisible," and short lines including "flesh and blood," and "it's time to go." [ECF 42 ¶¶ 27–52]. It is well-established that "[w]ords and short phrases" are not copyrightable and therefore, cannot be infringed upon. 37 C.F.R. § 202.1(a); *see Vallejo v. Narcos Prods. LLC*, 833 F. App'x 250, 259 n.3 (11th Cir. 2020) (concluding even "almost identical" copying of "short phrases" cannot be protected because they "are not subject to

---

[4] The SAC includes a conclusory, unsupported allegation that Defendant has "appropriated either 'verbatim or through close paraphrasing' at least twenty-five to thirty percent of Plaintiff's Works." [ECF 42 ¶ 23]. But in stark contrast, Plaintiff proceeds to allege for each count that the "unique expressions" allegedly infringed upon are actually basic themes, messages, or metaphors in her poems [*Id.* ¶¶ 27–52], not verbatim copying of twenty-five to thirty percent of her poems.

copyright protection"); *Brandon*, 2017 WL 1437560, at *4 (dismissing claim under Rule 12 and holding short phrases are "not copyrightable, and [are] not an appropriate basis for claiming 'substantial similarity' for the purposes of an infringement claim"). These examples of alleged infringement are also not actionable because short phrases and single words are not protected expression and are thus, impossible to infringe upon.

### C. The Court Should Dismiss the SAC with Prejudice Because Plaintiff Has Again Failed to Plausibly Plead Unlawful Copying.

Plaintiff also fails, for a third time, to plausibly plead unlawful copying for any of her poems. To state a claim for copyright infringement, Plaintiff must plead copying of protected elements of expression in her works through direct or indirect evidence. *See Sieger Suarez*, 998 F. Supp. 2d at 1345. Direct evidence of copying is rare and "includes admissions that the work was reproduced or witness testimony indicating that the copying was observed or recorded." *BWP Media USA Inc. v. HipHopzilla, Inc.*, No. 1:14-cv-0016, 2016 WL 4059682, at *2 (N.D. Ga. Mar. 1, 2016). There are no such allegations in the SAC. [*See* ECF 42]. Where, as here, there are no allegations of direct evidence of copying, Plaintiff may establish copying by demonstrating that Defendant had access to Plaintiff's work and that the works are "so substantially similar . . . that an average lay observer would recognize the alleged copy as having been appropriated from the original work." *Calhoun v. Lillenas Publ'g*, 298 F.3d 1228, 1232 (11th Cir. 2002) (involving *pro se* plaintiff). Plaintiff has not and cannot do so.

### 1. *Access*

Access requires Defendant to have had a "reasonable opportunity to view" Plaintiff's works. *Dixon v. Sony Corp. of Am.*, No. 12-cv-60160, 2012 WL 1886550, at *2 (S.D. Fla. May 23, 2012); *Herzog v. Castle Rock Ent.*, 193 F.3d 1241, 1249 (11th Cir. 1999). A "bare possibility" of access is insufficient and it is well settled that "mere speculation or conjecture is not enough."

*Brandon*, 2017 WL 1437560, at *7 (citing *Herzog*, 193 F.3d at 1249). To plead access, Plaintiff must plausibly allege "either that the infringed work has been widely disseminated, or that it is reasonable to infer from a particular chain of events that the defendant gained access to the copyrighted work." *Davis*, 2012 WL 12868729, at *3 (quoting *Lassin v. Island Def Jam Music Group*, No. 04-cv-22320, 2005 WL 5632056, at *5 (S.D. Fla. Aug. 9, 2005)). Plaintiff has done neither here.

Plaintiff alleges that Dealing was "published and offered for sale to the public in 2018 by Outskirts Press" under a "contract that ended in 2019" and thus, "is no longer available online." [ECF 42 ¶¶ 14, 64]. She further alleges that "[a]nother publisher, Ukiyoto, re-published (Dealing, 2018) in 2019" which "may still be purchased via their outlets."[5] [*Id.* ¶ 64]. Plaintiff also alleges that Fallen (renamed "Songs of the Unsung") was "self-published and available on Amazon KDP . . . in 2019." [*Id.* ¶¶ 2, 15, 64]. Plaintiff purports that she has "published and sold copies of the Works on Amazon and other online outlets" and that Defendant "had access to the Works due to the Works being published for wide dissemination via online websites as well as publishing companies" and being "publicly available for sale online." [*Id.* ¶¶ 17, 66]. Plaintiff further claims that she has "proof of hundreds of purchases but this is not necessary to show access." [*Id.* ¶ 58]. These allegations are conclusory and insufficient to establish access.

Plaintiff's allegations that she self-published Dealing and Fallen, and conclusory allegation that the works were "published for wide dissemination" with no facts plausibly demonstrating such wide dissemination (such as how many works were sold, for how long her works were sold, or

---

[5] Dealing is not currently available on Ukiyoto's website. *See* https://www.ukiyoto.com/search-results?q=%22dealing+with+a+chronic+illness%22&type=products (last visited Jan. 21, 2025).

whether the works are still even available[6]), does not plausibly allege that her books were widely disseminated to allow for any reasonable inference that Defendant saw her works.[7] *See Dixon*, 2012 WL 1886550, at *3 ("While the Complaint states that [*pro se*] Plaintiff's work was 'widely disseminated,' the Complaint does not allege any other specific facts suggesting that Defendant would have had access to his work."); *Lassin*, 2005 WL 5632056, at *5–6 (holding that a song was not widely disseminated where it was distributed to a limited group; "never commercially released on a record album" or "published by a music publishing company[;] and never played by a FCC licensed radio station"); *White v. Alcon Film Fund, LLC*, 52 F. Supp. 3d 1308, 1318 (N.D. Ga. 2014) (finding plaintiff's allegation that his works "have been published, distributed and sold throughout the United States" insufficient, especially where courts have held selling roughly 17,000 copies in 13 years is not wide dissemination). Further, Plaintiff does not allege that Defendant saw the books, worked with or had connections to the two self-publishing companies, or that Defendant had any other connection at all to the distribution of the self-published works, to plausibly allege Defendant gained access through some particular chain of events. [*See* ECF 42]; *Davis*, 2012 WL 12868729, at *3.

Plaintiff's conclusory allegations do not even rise to a *bare possibility* that Defendant had access to the books. Plaintiff has failed to alleged access and the SAC should be dismissed.

---

[6] Currently, neither of Plaintiff's books are available to view or purchase online on any website, including Amazon, Barnes & Noble, Books-A-Million, Indie Bound, or Thrift Books. For websites where the book appears, the websites state that Plaintiff's books are either "out of stock" or "out of print." *See, e.g.*, https://www.amazon.com/Songs-Unsung-Stories-Folklore-Luminary/dp/B08N3KQC8S; https://books.google.com/books/about/Fallen_From_Grace_Character_Assassinatio.html?id=8fHIzQEACAAJ.

[7] Plaintiff admits that Fallen was actually produced and sold under a *different* name—Songs of the Unsung. [ECF 42 ¶ 15]. The allegation that Songs of the Unsung was offered for sale and sold—not Fallen—further refutes Plaintiff's claim that Defendant had access to Fallen. [*Id.*].

2. _Substantial / Striking Similarity_

To establish substantial similarity, Plaintiff "must satisfy a two-pronged test: (1) an extrinsic, objective test, and (2) an intrinsic, subjective test." *Lil' Joe Wein Music, Inc. v. Jackson*, 245 F. App'x 873, 877 (11th Cir. 2007). Under the first prong, the Court objectively determines whether a plaintiff seeks to protect only uncopyrightable elements. *Id.*; *Herzog*, 193 F.3d at 1257. If so, a plaintiff's claim fails and there is no need to move on. *Id.* If the Court moves on to the second prong, it then determines whether a reasonable jury would find that the protected expressions in the works are substantially similar. *Id.* In other words, would "an average lay observer [] recognize the alleged copy as having been appropriated from the copyrighted work." *Original Appalachian Artworks, Inc. v. Toy Loft, Inc.*, 684 F.2d 821, 829 (11th Cir. 1982). In sum, once any generalized, unprotected metaphors, messages, contexts, or ideas are disregarded, the infringement analysis examines whether the protected expression in the two works is substantially similar. *See Vallejo*, 833 F. App'x at 257. However, because Plaintiff has failed to plausibly allege access, she can only demonstrate unlawful copying by alleging "striking similarity between the original work and the alleged infringing work." *Davis*, 2012 WL 12868729, at *3; [ECF 20 at 8–9]. Striking similarity is a higher standard and exists where the similarities are "so striking that the possibilities of independent creation, coincidence and prior common source are, as a practical matter, precluded." *Corwin v. Walt Disney World Co.*, 475 F.3d 1239, 1253 (11th Cir. 2007).

"Courts can examine copyright claims for substantial similarity as to a work's protected material at the motion to dismiss stage when a comparison of the undisputed works is possible." *Seven Oaks Millwork, Inc. v. Royal Foam US, LLC*, 483 F. Supp. 3d 1192, 1196 n.3 (M.D. Fla. 2020) (dismissing copyright infringement claims after conducting substantial similarity test where the undisputed works were attached to the briefing and were not highly technical); *Sieger Suarez*,

998 F. Supp. 2d at 1350 (analyzing a district court's consideration of substantial similarity at the motion to dismiss stage and concluding the Eleventh Circuit has deemed it appropriate).

Here, Plaintiff fails, again, to plausibly plead substantial, let alone striking, similarity for any of her counts. [ECF 42 ¶¶ 27–52]. The purported similarities between the allegedly infringing works and Plaintiff's works are "inherently subjective and unreliable" because they are "random" and far-fetched similarities "found in very dissimilar works." *Herzog*, 193 F.3d at 1257 (holding that plaintiff failed to show unlawful copying). Nevertheless, Defendant addresses each alleged similarity to comprehensively rebut Plaintiff's insufficient allegations of copyright infringement.

**_Count I:_** Plaintiff alleges the song "*The Man*," as well as its accompanying video, used "the same words (albeit changing a few words here and there) to come up with a strikingly similar" expression of a woman facing adversity in a male-dominated world in Plaintiff's "*Ordinary Citizen*." [ECF 42 ¶ 28]. Plaintiff alleges that "*Ordinary Citizen*" is about "a patriarchal corporate system of corruption" where "a female [is] confronting adversity in a corporate environment." [*Id.*]. Under the first prong of the substantial similarity test, the Court has already ruled that alleging unlawful copying of the "ubiquitous metaphor, found in numerous poems, songs, and other forms of expression" here is "insufficient" to plead copyright infringement. [ECF 20 at 8–9 (citing examples)].[8] Under the second prong, there is not a single line of protected expression that is similar between the two works. [*Compare* Ex. A at 1–2, *with* ECF 42-3 at 19]. The only similarity is that both works include the word "running." [*Id.*]. Use of the same single word does not amount to copyright infringement. *See* 37 C.F.R. § 202.1(a); [ECF 20 at 8–9].

---

[8] Plaintiff refutes the Court's examples, arguing they are "completely different context[s]" because they are not about the corporate system. [ECF 42 ¶ 28]. But "*The Man*" is also not about the corporate system. [Ex. A at 1–2].

**_Count II:_** Plaintiff alleges the song "_Who's Afraid of Little Old Me?_" infringes upon Plaintiff's poem "_Whirlwind_" because they both include the phrase they/you "caged me and told me I'm crazy." [ECF 42 ¶ 30]. Under the first prong, a short phrase, on its own, is not afforded copyright protection and thus, cannot be infringed upon. _See_ 37 C.F.R. § 202.1(a); _Vallejo_, 833 F. App'x at 259 n.3; [ECF 20 at 8–9]. Under the second prong, Plaintiff misstates the song lyric (it is actually "You caged me and then you called me crazy") and there is not a single other similarity. [_Compare_ Ex. A at 16–17, _with_ ECF 42-3 at 18].[9]

**_Count III:_** Plaintiff alleges the song "_My Tears Ricochet_" infringes on Plaintiff's poems "_Scorpion_" and "_Beams of Light_" because it allegedly uses the same theme of "a person communicating with someone who is deceased." [ECF 42 ¶ 32].[10] Under the first prong, the Court already held that "the theme of communicating with a loved one who has passed" is a "concept or theme [that] is not unique or original" and thus, cannot be infringed upon. [ECF 20 at 9 (citing examples)], and objectively this is not the theme of "_My Tears Ricochet_." Under the second prong, when comparing the works, there are no similarities in any protected expression. [_Compare_ Ex. A at 3, _with_ ECF 42-3 at 17, 21].

Plaintiff also alleges "_My Tears Ricochet_" infringes on Plaintiff's poem "_Innocence Lost_" because (1) it copies Plaintiff's "insinuat[ion] that her lover is trying to conceal his sadness by the

---

[9] Plaintiff alleges the "context" of these works of "a woman being gaslighted and attacked" is furthered in Plaintiff's work by referencing a woman named Nellie Bly. [ECF 42 ¶ 30]. She claims that Defendant's music video for "_Fortnight_" "used the same context" from Nellie Bly's work by "portray[ing] a woman like Nellie Bly typing in an office and depicting a person in an insane asylum." [_Id._]. Whether the music video is similar to Nellie Bly's work (it is not) is irrelevant, and Plaintiff later explains that she is "not claiming infringement with her written poetry about Nellie Bly" and the "passages and images of Nellie Bly were included . . . for added context." [_Id._ ¶ 61].

[10] Plaintiff also states that the song "_My Tears Ricochet_" infringes on Plaintiff's poem _Sky Tinted Water_" but then fails to include any allegations of infringement. [ECF 42 ¶ 32].

pain the lover caused is also being reflected unto himself" and (2) the lyric "She's laughing up at us from Hell" is "strikingly similar" to Plaintiff's line "I heard her laughter from above (heaven)." [ECF 42 ¶ 32]. A comparison of these works shows that "*My Tears Ricochet*" does not include the same alleged theme [*compare* Ex. A at 3, *with* ECF 42-3 at 16], and the cited lyric is not in "*My Tears Ricochet*." [Ex. A at 3]. Plaintiff also alleges "*My Tears Ricochet*" infringes on her poem "*Gaslight*" because it uses the same metaphor of "being 'submerged' under water and both losing everything." [ECF 42 ¶ 32]. Under the first prong, metaphors are not copyrightable and cannot be infringed upon. *Sanitech Sys., Inc.*, 217 F. Supp. 2d at 1246; *Herzog*, 193 F.3d at 1257; [ECF 20 at 8–9]. Under the second prong, Plaintiff alleges no other similarities.

**_Count IV_:** Plaintiff alleges the songs "*Hoax*" and "*Illicit Affairs*" infringe on her poem "*Sky Tinted Water*" because (1) "*Hoax's*" lyric "your faithless love is the only hoax I believe in" is allegedly "a rephrase of a person being falsely led to believe in love as written in *Sky Tinted Water*" and (2) "*Illicit Affairs* '" lyrics "you showed me colors you knew I couldn't see with anyone else" and "I made you my temple, my mural, my sky"[11] are "strikingly similarly" to "*Sky Tinted Water's*" line "will you show me how to complement the sky." [ECF 42 ¶ 34]. Under the first prong, Plaintiff alleges a "rephrase" of a concept, which is not copyrightable and thus cannot be infringed upon. *Sanitech Sys., Inc.*, 217 F. Supp. 2d at 1246; *Herzog*, 193 F.3d at 1257; [ECF 20 at 8–9]. Under the second prong, the word "love" does not amount to similarities of protected expression. [*Compare* Ex. A at 6–7, *with* ECF 42-3 at 12]; 37 C.F.R. § 202.1(a); [ECF 20 at 8–9].

**_Count V_:** Plaintiff alleges the song "*Midnight Rain*" infringes on Plaintiff's poem "*Delusional Reality*" because it includes "a unique expression" of "physically being the rain/wave/ocean, rather being in the rain or storm." [ECF 42 ¶ 36]. It is unclear whether Plaintiff

---

[11] This lyric is not in "*Illicit Affairs.*" [Ex. A at 7].

also claims the song "*Long Story Short*" infringes her poem [*id.*], but Defendant addresses it as well in an abundance of caution. Here, Plaintiff's "expression" is the metaphor in her poem. Under the first prong, the Court has ruled that alleging unlawful copying of a "ubiquitous metaphor, found in numerous poems, songs, and other forms of expression" is "insufficient" to plead copyright infringement. [ECF 20 at 8–9]; *see* Brad Paisley, *Perfect Storm*, on Moonshine in the Trunk (Arista Nashville 2014); *see also Sanitech Sys., Inc.*, 217 F. Supp. 2d at 1246; *Herzog*, 193 F.3d at 1257. Under the second prong, Plaintiff claims that the "*Long Story Short*" lyric "my waves meet your shore" "was copied verbatim" from Plaintiff's "*Delusional Reality*" line "my waves crash your shore." [ECF 42 ¶ 36; *compare* Ex. A at 31–32, *with* ECF 42-3 at 15]. Clearly, this lyric is not "copied verbatim" [*id.*], and even if it was, Plaintiff's phrase describing what an ocean's waves actually do in real life is not copyrightable. 37 C.F.R. § 202.1(a). There are no other lines shared between the works. [*Compare* Ex. A at 14–15, 31–32, *with* ECF 42-3 at 15].

**_Count VI:_** Plaintiff alleges the song "*Death By A Thousand Cuts*" "cop[ies] the unique way Plaintiff expressed elements" in her poem "*Black Cat*" to "describe[] being 'cut' when in actuality, it's not physical pain but rather emotional pain." [ECF 42 ¶ 38]. Under the first prong, the Court has ruled that alleging unlawful copying of a "ubiquitous metaphor, found in numerous poems, songs, and other forms of expression" between these two works is "insufficient" to plead copyright infringement. [ECF 20 at 8–9]; *see* Rockwell, *Knife*, on Somebody's Watching Me (Motown 1984); *see also Sanitech Sys., Inc.*, 217 F. Supp. 2d at 1246; *Herzog*, 193 F.3d at 1257. Under the second prong, Plaintiff does not allege the works are substantially or strikingly similar, and a cursory comparison shows they are not. [*Compare* Ex. A at 18–19, *with* ECF 42 ¶ 38].

**_Count VII:_** Plaintiff alleges the song "*Robin*" infringes on Plaintiff's poems "*Innocence Lost*" and "*Ingenue*" because these works "are about a child growing up in a world that will

eventually turn mean and cruel and so the child needs guidance and protection, but that one day, she will turn into a lion and no longer need such care." [ECF 42 ¶ 40]. Under the first prong, the Court ruled that alleging unlawful copying of a "ubiquitous metaphor, found in numerous poems, songs, and other forms of expression" is "insufficient" to plead copyright infringement. [ECF 20 at 8–9]; *see* Katy Perry, *Roar*, on Prism (Capitol 2013). Under the second prong, the lyrics are objectively not at all similar to Plaintiff's lines. [ECF 42 ¶ 40]. When comparing the works, there is not a single similar line. [*Compare* Ex. A at 20, *with* ECF 42-3 at 16, 22–24].

**_Count VIII:_** Plaintiff alleges the song "*The Great War*" "used the same words to convey the same expression" of "*fuel* to ignite *desire* to *fight* each other" in Plaintiff's poem "*The Fire*." [ECF 42 ¶ 42]. Under the first prong, a metaphor of fire igniting one's passion or desire is not unique protected expression and is insufficient to allege copyright infringement. *See* [ECF 20 at 8–9]; Sean Kingston, *Fire Burning*, on Tomorrow (Epic 2009); 17 U.S.C. § 102(b). Under the second prong, the lyrics "diesel is desire" and "now I breathe the fire each time we talk"[12] are not at all similar to Plaintiff's line "anger fuels our desire . . . I'm fighting fire with fire . . . pick your battles wisely, they say." [ECF 42 ¶ 42]. The only similarity is that both works use the words "fire" and "desire." [*Compare* Ex. A at 21–22, *with* ECF 42-3 at 14]. Again, alleged copying of single words does not constitute copyright infringement. 37 C.F.R. § 202.1(a); [ECF 20 at 8–9].

**_Count IX:_** Plaintiff alleges the music video for "*Cardigan*" infringes on Plaintiff's poem "*Breaking Waves*" because the video "depicts a person swimming in an ocean looking for something to calm her" and Plaintiff's poem is about "being stranded in an ocean looking for something to calm her." [ECF 42 ¶ 44]. Under the first prong, the idea of someone being stranded in the ocean and looking to other things to calm them is neither unique nor a protectible idea, and

---

[12] This lyric is not in "*The Great War*." [Ex. A at 21–22].

as this Court has held, is insufficient to plead copyright infringement. [*See* ECF 20 at 8–9]; *see also* CAST AWAY (20th Century Fox 2000), LIFE OF PI (20th Century Fox 2012); 17 U.S.C. § 102(b). Under the second prong, there is no remaining protected expression to compare.

**Count X:** Plaintiff alleges the songs "*Clara Bow*"; "*Down Bad*"[13]; and "*Guilty as Sin?*" infringe on Plaintiff's poem "*Devious Minds*" because (1) "*Clara Bow*" "paraphrase[s]" Plaintiff's theme about "a person who is being worshipped yet they are being deceitful" and (2) "*Guilty as Sin?*" "questions whether she is guilty for imagining things" like "*Devious Minds*," which "questions thoughts about the world and whether or not she is devious." [ECF 42 ¶ 46]. Under the first prong, themes—assuming these works share the same themes (they do not)—are not protected expression and cannot be infringed upon. 17 U.S.C. § 102(b); *Herzog*, 193 F.3d at 1257; [*see* ECF 20 at 8–9]; *see also* Elton John, *Candle In The Wind*, on Goodbye Yellow Brick Road (DJM 1973). Under the second prong, the lyrics are not at all similar to Plaintiff's lines.[14] [ECF 42 ¶ 46; *compare* Ex. A at 25–30, *with* ECF 42-4 at 20].

**Count XI:** Plaintiff alleges the songs "*Right Where You Left Me*" and "*It's Time To Go*" infringe upon Plaintiff's poem "*Stagnate*" because they share the phrase "it's time to go."[15] [ECF 42 ¶ 48]. Plaintiff alleges the songs copy her concept about "waiting at a bar realizing it was time for them to move on, yet the person 'at the bar' didn't realize this." [*Id.*]. Under the first prong,

---

[13] Plaintiff includes "*Down Bad*" as an allegedly infringing work, but provides no factual allegations of such infringement. [ECF 42 ¶ 44].

[14] Plaintiff also includes an excerpt from her poem "*Noah*" but does not assert copyright infringement of this poem. [ECF 42 ¶ 44].

[15] Plaintiff includes a line from another poem ("*Scorpion*") but does not include any allegations as to how Defendant infringed that work. In any event, a cursory comparison of this poem and the songs shows there are no similarities between the works [*compare* Ex. A at 10–13, *with* ECF 42-3 at 17], and the idea of waiting at a bar is not copyrightable, as explained above.

concepts and short phrases are not protected expression and cannot be infringed upon. 17 U.S.C. § 102(b); 37 C.F.R. § 202.1(a); *Herzog*, 193 F.3d at 1257. Under the second prong, the lyrics "I'm still at the restaurant, right where you left me " and "it's time to go" (from two different songs) are not substantially or strikingly similar to Plaintiff's lines "It's time to go/ when will you let me go?/ I continue to drive forward, but you wont let me go" and "I waited at the bar/ Didn't know by then you were gone too far." [ECF 42 ¶ 48; *compare* Ex. A at 10–13, *with* ECF 42-3 at 25].

**_Count XII:_** Plaintiff alleges the song "*Invisible String*" infringes on the poem "*Invisible Matter*" because they both "discuss[] being led by an invisible power bringing both good and bad things." [ECF 42 ¶ 50]. Plaintiff also alleges "*Invisible String*" infringes on the poem "*Time*" because the song "us[es] the same words but changing a few here and there" to "convey the same meaning, questioning time" and that "[t]ime can hurt." [*Id.*]. Under the first prong, metaphors are not protected expression and cannot be infringed upon. 17 U.S.C. § 102(b); *Herzog*, 193 F.3d at 1257. The claim also fails because it is simply untrue (by any reasonable standard) that these works share the same message or have similar lines. [*Compare* Ex. A at 4–5, *with* ECF 42-3 at 10–12]. Under the second prong, the single words "invisible" and "time" are not protected under copyright law. *Sanitech Sys., Inc.*, 217 F. Supp. 2d at 1246; 37 C.F.R. § 202.1(a); [ECF 20 at 8–9].

**_Count XIII:_** Plaintiff alleges the Instagram caption[16] introducing Artist's album *The Tortured Poets Department* infringes on Plaintiff's introduction to her poetry book <u>Fallen</u> by using "the same words (albeit changing a few)" and claims Defendant "simply paraphrased the introduction written by the Plaintiff." [ECF 42 ¶ 52]. This is simply not true. A cursory comparison shows there are no similarities in the text of the two excerpts, and no reasonable actor would disagree. [*See id.*; ECF 42-4 at 5]. Further, the common purpose of an introduction is to explain

---

[16] Available at: <u>https://www.instagram.com/p/C57c1DWMkf_/?img_index=1</u>.

the purpose and inspiration of the work, and there are limited ways to present those sentiments. Thus, any alleged similarities (there are none) are not protectible because "standard expressions that naturally follow from the idea for a work of authorship" are not copyrightable. U.S. COPYRIGHT OFF., COMPENDIUM OF U.S. COPYRIGHT OFF. PRACS. § 313.3(B) (3d ed. 2021).

* * *

Finally, the SAC includes conclusory statements that the allegedly infringing songs are "strikingly similar" to Plaintiff's poems. However, Plaintiff's own allegations contradict this because she admits that the compared works are not nearly identical—as required for striking similarity—and that discrepancies exist between the works, describing the alleged copying as a "rephrase"; "paraphrase"; or "changing a few" words around. [ECF 42 ¶¶ 23, 28, 32, 34, 46, 50, 52], *see Davis*, 2012 WL 12868729, at \*4 (concluding that admitting there are slight alterations or minor changes between the at-issue works fails to adequately allege striking similarity). *Cf. Olem Shoe Corp. v. Washington Shoe Corp.*, 591 F. App'x 873, 885 (11th Cir. 2015) (holding that two works are "strikingly similar" only where they are "virtually identical"). In comparing the works, no trier of fact could rationally determine they are substantially similar, let alone strikingly similar. [*Compare* Ex. A, *with* ECFs 42, 42-3, 42-4]. Dismissal is thus required.

### D. The Court Should Dismiss Seven of Plaintiff's Claims with Prejudice Because They are Time-barred.

Notwithstanding the fact that all of Plaintiff's claims are frivolous and entirely baseless, more than half of them are also time-barred. "In the Eleventh Circuit, dismissal on statute of limitations grounds is appropriate if it is apparent from the face of the complaint that the claim is time-barred." *Athos Overseas, Ltd. v. Youtube, Inc.*, No. 1:21-cv-21698, 2022 WL 910272, at \*4 (S.D. Fla. Mar. 29, 2022) (dismissing copyright infringement claims as time-barred). Here, the facts alleged in the SAC make clear that seven of Plaintiff's claims are time-barred.

19

Copyright infringement claims must be "commenced within three years after the claim accrued." 17 U.S.C. § 507(b). A copyright infringement claim accrues when a plaintiff "learned of or, in the exercise of reasonable diligence, should have learned of Defendant['s] [] infringement." *Sieger Suarez*, 998 F. Supp. 2d at 1354; *see Athos Overseas*, 2022 WL 910272, at *4 ("A copyright infringement cause of action accrues when a copyright owner knew or should have known of the alleged infringement."). "'Should have learned,' means whether a reasonably prudent person in Plaintiff's position would have become aware of the alleged infringement." *Sieger Suarez*, 998 F. Supp. 2d at 1355.

Plaintiff filed her complaint on April 10, 2024. [ECF 1-1]. Thus, Plaintiff can only assert copyright infringement claims that accrued after April 10, 2021. However, seven of the claims accrued in 2019 and 2020, as they are based on songs on the albums *Lover*, *folklore*, and *evermore*.[17] *Lover* was released on August 23, 2019, *folklore* was released on July 24, 2020, and *evermore* was released on December 11, 2020. [*See* ECF 42-4 at 1]. Each album release was covered by news and media outlets, are widely available on streaming platforms, and "have been exceedingly popular both domestically and abroad," so "it is unreasonable to assert that [P]laintiff had zero exposure to [these songs] in the [four or five] years following [their] release." *Goldberg v. Cameron*, 482 F. Supp. 2d 1136, 1148 (N.D. Cal. 2007) (dismissing copyright infringement claims as time-barred and holding plaintiff's "asserted lack of knowledge" was unreasonable).

## CONCLUSION

For the foregoing reasons, the SAC should be dismissed with prejudice.

---

[17] Specifically, two counts arise from songs on the album *Lover* [ECF 42 ¶¶ 27–28 (Count I), ¶¶ 37–38 (Count VI)]; four counts arise from songs on the album *folklore* [ECF 42 ¶¶ 31–32 (Count III), ¶¶ 33–34 (Count IV), ¶¶ 43–44 (Count IX), ¶¶ 49–50 (Count XII)], and one count arises from a song on the album *evermore* [ECF 42 ¶¶ 47–48 (Count XI)].

Dated: January 21, 2025                          Respectfully submitted,


                                                 VENABLE LLP

                                                 */s/ Aaron S. Blynn*
                                                 Aaron S. Blynn
                                                 Florida Bar No. 073464
                                                 801 Brickell Avenue, Suite 1500
                                                 Miami, FL 33131
                                                 Tel: (305) 913-6685
                                                 Fax: (305) 349-2310
                                                 asblynn@Venable.com

                                                 Katherine Wright Morrone
                                                 (admitted *pro hac vice*)
                                                 600 Massachusetts Ave, NW
                                                 Washington, D.C. 20001
                                                 Tel: (202) 344-4262
                                                 Fax: (202) 344-8300
                                                 kwmorrone@venable.com

                                                 *Attorneys for Defendant*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on January 21, 2025, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.

By: _/s/ Aaron Blynn_
Aaron Blynn

## SERVICE LIST

Aaron S. Blynn, Esq.
asblynn@venable.com
VENABLE LLP
801 Brickell Avenue
Suite 1500
Miami, Florida 33131

Katherine Wright Morrone
kwmorrone@venable.com
VENABLE LLP
600 Massachusetts Ave. NW
Washington, DC 20001
*Attorneys for Defendant*

Kimberly Marasco
Marasco_kim@yahoo.com
1561 Pheasant Walk
Unit C
Fort Pierce, Florida 34950
*Pro Se Plaintiff*