UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT PIERCE DIVISION

CASE NO. 24-14153-CIV-CANNON

**KIMBERLY MARASCO,**

    Plaintiff,
v.

**TAYLOR SWIFT PRODUCTIONS, INC.,**

    Defendant.
_____/

## **ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**

**THIS CAUSE** comes before the Court upon Defendant Taylor Swift Productions, Inc.'s Motion to Dismiss Plaintiff's Second Amended Complaint with Prejudice (the "Motion to Dismiss") [ECF No. 68]. Upon review of Plaintiff's Second Amended Complaint [ECF No. 42], the Motion to Dismiss [ECF No. 68], Plaintiff's Opposition [ECF No. 69], Defendant's Reply [ECF No. 70], and the full record, the Motion to Dismiss [ECF No. 68] is **GRANTED**, and Plaintiff's Second Amended Complaint [ECF No. 42] is **DISMISSED WITH PREJUDICE**.

### **RELEVANT BACKGROUND AND PROCEDURAL HISTORY**

Plaintiff, proceeding *pro se*, initiated this lawsuit in state court in April 2024, alleging federal copyright infringement against Defendant Taylor Swift Productions, Inc. ("TSP") [ECF No. 1-1]. Defendant TSP removed the action to this Court and promptly moved to dismiss [ECF Nos. 1, 10]. The Court accepted Magistrate Judge Maynard's Report and Recommendation (the "Report") on the motion, granting the motion but permitting repleading [ECF Nos. 20, 23]. As the adopted Report explained, Plaintiff "primarily seeks copyright protection for general ideas, themes, and metaphors that show up commonly in music and poetry," which is impermissible

under the Copyright Act, 17 U.S.C. § 102(b) [ECF No. 20 pp. 8–9].  The Report warned that any future pleading "must set forth facts showing original elements of expression in her copyrighted works that are substantially or strikingly similar to the allegedly copied works in order to state a claim and avoid dismissal" [ECF No. 20 pp. 9–10].  Plaintiff then filed a First Amended Complaint in August 2024 naming Taylor Swift as an additional Defendant [ECF No. 26].  After unsuccessful attempts to serve Swift, Plaintiff moved for leave to file a Second Amended Complaint, which the Court granted with a warning that "[t]his is Plaintiff's final opportunity to plead her claims" [ECF No. 41].

Plaintiff filed the operative Second Amended Complaint in October 2024 against Defendant TSP and previously-dismissed Defendant Swift [ECF No. 42].[1]  Plaintiff alleges that Defendant TSP, an in-house visual media production company for Taylor Swift, has unlawfully infringed on Plaintiff's exclusive rights under the Copyright Act, 17 U.S.C. § 101 *et seq.*, by creating video content, publicly performing songs, and promoting concerts using infringing derivative works based on Plaintiff's works [ECF No. 42 ¶¶ 3, 13, 18, 69].  Plaintiff is the author and owner of two books that contain various poems: *Dealing with a Chronis Illness: Vestibular Neuritis* (2017) ("*Dealing*") and *Fallen from Grace* (2019), which was renamed to *Songs of the Unsung* in 2020 [ECF No. 42 ¶¶ 2, 14].  Plaintiff registered *Dealing* with the U.S. Copyright Office in July 2017 and *Songs of the Unsung* in May 2020 [ECF No. 42 ¶¶ 14–15; ECF No. 42-2

---

[1] For over two months after Plaintiff filed the Second Amended Complaint, litigation ensued over Plaintiff's attempts to serve Swift.  Plaintiff filed four separate motions seeking to serve Swift via alternative methods, including publication and substituted service via the Secretary of State [ECF Nos. 32, 47, 49, 58].  The litigation culminated with the Court's Order Dismissing Defendant Taylor Swift without Prejudice for Failure to Timely Serve [ECF No. 66 (explaining that Plaintiff did not comply with the jurisdictional and procedural requirements for substituted service under Fla. Stat. §§ 48.161, 48.181)].  Plaintiff initiated a separate action in February 2025 against Defendants Taylor Swift, Jack Antonoff, Aaron Dessner, Universal Music Group, Inc., and Republic Records.  *See Marasco v. Swift et al.*, No. 25-cv-14067, Doc. 1 (S.D. Fla. Feb. 28, 2025).

(certificates of registration)]. Plaintiff has sold copies of both books on Amazon and other online outlets, although *Dealing* stopped being available online as of 2019 [ECF No. 42 ¶¶ 17, 64].

Sprawling thirteen counts, Plaintiff alleges that fifteen of Defendant's songs infringe on Plaintiff's exclusive rights contained in various poems within her books [ECF No. 42 ¶ 26]. Because the Court ultimately agrees in full with Defendant that none of the thirteen counts states a plausible claim for relief, the Court provides just a couple examples of the alleged infringement from the Second Amended Complaint here.

- **Count I** alleges that Defendant's song "The Man" infringes on Plaintiff's poem "Ordinary Citizen" contained in her book *Fallen from Grace* [ECF No. 42 ¶¶ 27–28]. Plaintiff alleges that Defendant's song uses "the same unique expressions to describe a patriarchal corporate system of corruption" [ECF No. 42 ¶ 28].

  - "Ordinary Citizen" contains the following text: "I'm running behind/You say its His word against mine/No one will listen/Because I'm only an ordinary citizen/So you tell me I'm guilty before committing a crime/I try to fly like a butterfly/But my wing was clipped by his lip . . ." [ECF No. 42 ¶ 28].

  - "The Man" has the following lyrics: "I'm so sick of running as fast as I can/Wondering if I'd get there quicker if I was a man/And I'm so sick of them coming at me again/ . . . Could all be separated from my good ideas and power moves/ . . . And it's all good if you're bad" [ECF No. 42 ¶ 28].

- **Count III** alleges that Defendant's song "My Tears Ricochet" infringes on Plaintiff's poem "Beams of Light" contained in her book *Dealing* [ECF No. 42 ¶¶ 31–32].

  - "Beams of Light" contains the following text: "The dark evil entity Devoured in the Fire/Doves dancing and singing high in the sky, and I can hear the beautiful choir" [ECF No. 42 ¶ 32].

  - "My Tears Ricochet" has the following lyrics: "And I still talk to you (when I'm screaming at the sky)" [ECF No. 42 ¶ 32].

Plaintiff's Second Amended Complaint is replete with similar allegations of infringement [*E.g.*, ECF No. 42 ¶ 32 ("Defendant's verse 'She's laughing up at us from Hell' is also strikingly similar to the Plaintiff's passage 'I heard her laughter from above (heaven)' using the same original expression"); ECF No. 42 ¶ 42 (alleging that Defendant's song verse "Diesel is Desire" infringes

3

on Plaintiff's poem that reads "Anger fuels our Desire")].

Defendant timely moved to dismiss Plaintiff's Second Amended Complaint with prejudice [ECF No. 68]. The Motion is ripe for adjudication [ECF Nos. 69, 70].

## LEGAL STANDARDS

Rule 8(a)(2) requires complaints to provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To avoid dismissal under Rule 12(b)(6), a complaint must allege facts that, if accepted as true, "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see* Fed. R. Civ. P. 12(b)(6). A claim for relief is plausible if the complaint contains factual allegations that allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 545). Conclusory allegations, unwarranted deductions of facts, or legal conclusions masquerading as facts will not prevent dismissal. *Oxford Asset Mgmt., Ltd. v. Jaharis*, 297 F.3d 1182, 1188 (11th Cir. 2002).

## DISCUSSION

Defendant argues that the Second Amended Complaint should be dismissed on the following bases: (1) Plaintiff has not identified copyright infringement by Defendant; (2) Plaintiff's poems are not protected expression; (3) Plaintiff fails to plausibly plead unlawful copying, which requires a showing of access and substantial or striking similarity; and (4) more than half of Plaintiff's claims are time barred [ECF No. 68]. The Court concludes that while Plaintiff has plausibly alleged that Defendant TSP is an appropriate defendant on her infringement claims, none of Plaintiff's poems qualifies as protectable expression under copyright law, and,

regardless, Plaintiff has not plausibly alleged that Defendant copied them, which is an essential element of a copyright claim under the two-pronged test in *Feist Publications, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991).

    **A. As a threshold matter, the Court rejects Defendant TSP's argument that Plaintiff's allegations of infringement should be dismissed because they target a now-dismissed party**.

Defendant's initial argument that Plaintiff has not adequately alleged infringement *by Defendant TSP*—instead of by now-dismissed Defendant Taylor Swift—is unpersuasive. While the Second Amended Complaint does identify Swift as the "artist" of the allegedly infringing works [ECF No. 42 ¶ 3], it also alleges that Defendant TSP, an "in-house visual media production company," reproduced, distributed, promoted, and sold the allegedly infringing works [ECF No. 42 ¶¶ 3, 8, 18, 68, 73, 75]. Those allegations are sufficiently targeted towards Defendant TSP as the alleged infringer in this case. The Court therefore proceeds to consider whether Plaintiff has plausibly alleged a claim for copyright infringement.

    **B. Plaintiff fails to plausibly allege a claim for copyright infringement**.

Plaintiff's Second Amended Complaint fails to plausibly allege that Defendant TSP infringed on Plaintiff's copyrighted works. To establish a claim of copyright infringement, Plaintiff must prove "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." *Feist Publications, Inc.*, 499 U.S. at 361. Only the second prong is disputed in this case [*see* ECF No. 42 ¶¶ 14–15 (alleging ownership of both books); ECF No. 42-2 (certificates of registration); ECF No. 68 (arguing that the works do not contain protectible elements and were not copied, but not contesting validity of ownership or registration)].[2] The

---

[2] *See* 17 U.S.C. § 410(c) ("In any judicial proceedings the certificate of a registration made before or within five years after first publication of the work shall constitute prima facie evidence of the validity of the copyright and of the facts stated in the certificate."). Although a certificate of

second prong "involves two separate inquiries: 1) whether the defendant, as a factual matter, copied portions of the plaintiff's [work]; and 2) whether, as a mixed issue of fact and law, those elements of the [work] that have been copied are protected expression and of such importance to the copied work that the appropriation is actionable." *MiTek Holdings, Inc. v. Arce Eng'g Co.*, 89 F.3d 1548, 1554 (11th Cir. 1996) (quoting *Gates Rubber Co. v. Bando Chem. Indus., Ltd.*, 9 F.3d 823, 832 (10th Cir. 1993)).  As developed below, Plaintiff has not plausibly alleged sufficient facts on either inquiry of the second *Feist* prong.  But the Court begins with the second inquiry— whether the works are protected expression—before turning to whether Defendant copied portions of Plaintiff's work.  *See Vallejo v. Narcos Prods. LLC*, 833 F. App'x 250, 257 (11th Cir. 2020) ("Before determining whether there is substantial similarity between two works [an essential element of copying], we must first separate the unprotected facts from the protected expression of those facts." (citing *Cable/Home Commc'n Corp. v. Network Prods., Inc.*, 902 F.2d 829, 843 (11th Cir. 1990))).

    **1. Plaintiff has not plausibly alleged that any of her poems are protected expression**.

Plaintiff has not plausibly alleged that the portions of her poems which form the basis of her claims are protected expression.  The Copyright Act "confer[s] copyright protection only on those elements of a work that were original to the author." *Feist*, 499 U.S. at 353.  "In no case does copyright protection for an original work of authorship extend to any idea, procedure, process, system, method of operation, concept, principle, or discovery, regardless of the form in which it is described, explained, illustrated, or embodied in such work." 17 U.S.C. § 102(b); *see also Beal v.*

---

registration acknowledges that a work may contain "copyrightable subject matter," 17 U.S.C. § 410(a), "the mere fact that a work is copyrighted does not mean that every element of the work may be protected," *Feist*, 499 U.S. at 348.  "[A] copyright gives no exclusive right to the art disclosed; protection is given only to the expression of the idea—not the idea itself." *Mazer v. Stein*, 347 U.S. 201, 217 (1954).

*Paramount Pictures Corp.*, 20 F.3d 454, 459 (11th Cir. 1994) ("In addition to broad ideas, noncopyrightable material includes 'scènes à faire'—stock scenes that naturally flow from a common theme.").

Accepting Plaintiff's allegations as true, Plaintiff's poems amount at most to ideas, metaphors, contexts, and themes—none of which is a proper subject of copyright protection under 17 U.S.C. § 501(a). *See Betty, Inc. v. Pepsico, Inc.*, 848 F. App'x 43, 44 (2d Cir. 2021) ("Ideas and themes are often the type of material that we have determined are not copyrightable."). A small sample from Plaintiff's first five counts reveals the deficient nature of Plaintiff's claims—although, to be clear, the same issues persist throughout the remaining eight claims as well:

- alleging that "Defendants used the same unique expression to describe a patriarchal corporate system of corruption" and that Plaintiff's poem "about a female confronting adversity in a corporate environment" is protectible [ECF No. 42 ¶ 28];

- claiming protection in her poem that "refers to how the man can lie and get away with it whereas a woman could never do that" [ECF No. 42 ¶ 28];

- claiming protection in poem that "describes a woman being gaslighted and attacked" [ECF No. 42 ¶ 30];

- alleging that Defendant copied her poem's "very powerful part" of a man "not only causing her pain, but pain for himself" [ECF No. 42 ¶ 32];

- claiming protection for the "unique expression [of] being 'submerged' under water" [ECF No. 42 ¶ 32];

- claiming that "a unique reference to actually being the rain/storm . . . is an original expression" [ECF No. 42 ¶ 36].

Plaintiff's attempt to protect various words is equally unavailing. As Defendant accurately points out, Plaintiff alleges that Defendant infringed on her expressions because Defendant's songs use the same words, including "tears," "yelling," "running," "fear," "time," "rain," "sky," "waves," "cruel," "mean," "desire," "love," "invisible," and short lines including "flesh and blood," and "it's time to go" [ECF No. 42 ¶¶ 27–52]. These common words alone are not copyrightable. *See*

37 C.F.R. § 202.1(a) (excluding from copyright protection "[w]ords and short phrases such as names, titles, and slogans; familiar symbols or designs; mere variations of typographic ornamentation, lettering or coloring; mere listing of ingredients or contents"); *Vallejo*, 833 F. App'x at 259 n.3; *Apps v. Universal Music Grp., Inc.*, 763 F. App'x 599, 600 (9th Cir. 2019) ("Words and short phrases are not copyrightable, nor are ordinary phrases.") (citation modified).

In sum, none of Plaintiff's thirteen claims contains any protected expression. The Court need not proceed to the next step, but the Court nonetheless does so because Plaintiff's failure to allege access and substantial similarity bolsters the ultimate conclusion that Plaintiff's Second Amended Complaint warrants dismissal.

**2. Plaintiff has not plausibly alleged that Defendant copied her poems**.

To establish copying, Plaintiff must show (a) that Defendant had access to her works and (b) that Defendant's work is "so substantially similar [to Plaintiff's work] that an average lay observer would recognize the alleged copy as having been appropriated from the original work." *Calhoun v. Lillenas Publ'g*, 298 F.3d 1228, 1232 (11th Cir. 2002).[3] Plaintiff has not adequately alleged either.

Access is a "reasonable opportunity to view" the original work and "may not be inferred through mere speculation or conjecture." *Herzog v. Castle Rock. Ent.*, 193 F.3d 1241, 1249–50 (11th Cir. 1999) (citing 4 Nimmer on Copyrights, § 13.02[A] at 13–19); *Ferguson v. Nat'l Broad.*

---

[3] There are no allegations of direct evidence of copying in the Second Amended Complaint, so this inquiry focuses on whether there is indirect evidence of copying (i.e., access and substantial similarity). *See MiTek*, 89 F.3d at 1554; *see Ferguson v. Nat'l Broad. Co.*, 584 F.2d 111, 113 (5th Cir. 1978) ("Since there is seldom direct evidence of "copying," the plaintiff generally proves this element by showing that the person who composed the defendant's work had access to the copyrighted work and that the defendant's work is substantially similar to the plaintiff's.").

*Co.*, 584 F.2d 111, 113 (5th Cir. 1978). Access can be shown through "proof that a copyright holder's work was 'widely disseminated.'" *Olem Shoe Corp. v. Wash. Shoe Corp.*, 591 F. App'x 873, 882 (11th Cir. 2015).

Plaintiff has not plausibly alleged that Defendant TSP had a reasonable opportunity to view Plaintiff's poems. Starting with *Dealing*, one of the two books containing Plaintiff's poems, Plaintiff states that it was published in 2018 but that it stopped being available online at some point in 2019 [ECF No. 42 ¶ 64]. Plaintiff offers no other allegations oriented toward making *Dealing* accessible. As for the other book, *Fallen from Grace* (renamed *Songs of the Unsung*), Plaintiff states that it was "self-published and available on Amazon . . . in 2019" [ECF No. 42 ¶¶ 2, 14–15, 64]. Plaintiff then vaguely asserts that she has "published and sold copies of the Works on Amazon and other online outlets," and that Defendant therefore "had access to the works due to the Works being published for wide dissemination via online websites as well as publishing companies" [ECF No. 42 ¶¶ 17, 66]. The Court agrees with Defendant that these conclusory allegations, without more, are insufficient to demonstrate a "reasonable opportunity to view" Plaintiff's work within the meaning of governing authorities. At most, Plaintiff has alleged mere availability on a partial basis, without any additional factual content sufficient to plausibly infer access with respect to Defendant TSP. *Lorente-Garcia v. Giraldo-Navarro*, No. 24-23066-CIV, 2025 WL 578472, at *3 (S.D. Fla. Feb. 21, 2025) (collecting cases demonstrating that a work's mere existence or availability on the internet is insufficient by itself to demonstrate wide dissemination); *Olem Shoe Corp.*, 591 F. App'x at 883 (considering evidence of widespread dissemination such as sworn statements, data of sales at stores, and length of time being sold).

In any event, even if Plaintiff had adequately alleged access, she has fallen woefully short of alleging substantial similarity. The substantial-similarity inquiry entails another two-pronged

test: (i) an extrinsic, objective test; and (ii) and intrinsic, subjective test. *Herzog*, 193 F.3d at 1257. "Under the extrinsic test, a court will inquire into whether, as an objective matter, the works are substantially similar in protected expression." *Id.* "As a part of this test, a court will determine whether a plaintiff seeks to protect only uncopyrightable elements." *Id.* The Court need not proceed to the second test if the first is not satisfied. *Id.* The second test, however, asks whether a reasonable jury would find that the works are substantially similar. *Id.*[4] Defendant addresses each of Plaintiff's thirteen counts one-by-one, clearly demonstrating the objective lack of any substantial similarity between Plaintiff's poems and Defendant's songs [ECF No. 68 pp. 13–20]. The Court incorporates that one-by-one discussion here and finds it persuasive. A few examples are illustrative of the whole batch:

- Count IV alleges that Defendant's lyric "you showed me colors you knew I couldn't see with anyone else" infringes on Plaintiff's poem "I made you my temple, my mural, my sky" [ECF No. 68 p. 15; ECF No. 42 ¶ 34];

- Count V alleges that Defendant's lyric "The time will arrive for the cruel and the mean. You'll learn to bounce back just like your trampoline" infringes on Plaintiff's poem "I wonder what she thinks of the world, if she only knew, it would turn mean and cruel" [ECF No. 69 pp. 16–17; ECF No. 42 ¶ 40].

Accepting all of Plaintiff's allegations as true, it remains the case that none of Plaintiff's

---

[4] The Eleventh Circuit has not affirmatively held that the substantial-similarity inquiry may take place at the motion to dismiss stage, but other circuits have said that it can, and district courts in this circuit routinely do so without converting the motion to dismiss into a motion for summary judgment. *See, e.g., Peter F. Gaito Architecture, LLC v. Simone Dev. Corp.*, 602 F.3d 57, 64 (2d Cir. 2010); *Sieger Suarez Architectural P'ship, Inc. v. Arquitectonica Int'l Corp.*, 998 F. Supp. 2d 1340 (S.D. Fla. 2014); *Robbins v. Artits-Usher*, No. CV411-193, 2011 WL 5840257, at *2 (S.D. Ga. Aug. 29, 2011) ("Courts examine substantial similarity at the pleading level (typically on a Fed. R. Civ. P. 12(b)(6) motion to dismiss)." (citing Copyright Litigation Handbook § 9:9 nn.17–18)). Although a substantial-similarity inquiry may not always be appropriate at the motion to dismiss stage, such an inquiry is permissible here because the allegations on their face clearly do not show "copying of constituent elements of the word that are original," *Feist*, 499 U.S. at 361, and Defendant TSP raises a challenge to that essential element in the instant Motion.

thirteen claims plausibly alleges an objective substantial similarity between Defendant's songs and Plaintiff's poems. And, to the extent that *some* similarities in the words and general themes exist between Defendant's songs and Plaintiff's poems, those commonalities are not, as already discussed, protectible expressions. *See supra* pp. 5–7.[5]

* * *

In sum, Plaintiff fails to state a plausible claim for copyright infringement because none of the works qualifies as protectable expression, and even if they did, Plaintiff has not plausibly alleged that Defendant copied her works.[6]

## CONCLUSION

It is therefore **ORDERED AND ADJUDGED** as follows:

1. Defendant's Motion to Dismiss [ECF No. 68] is **GRANTED**.

2. Plaintiff's Second Amended Complaint [ECF No. 42] is **DISMISSED WITH**

---

[5] Plaintiff's Second Amended Complaint contains a few stray allegations about music videos, pictures, and/or dance moves that Plaintiff has allegedly performed, but those allegations are not tied to an actual claim for relief and similarly fail to state a plausible claim for copyright infringement, access, or substantial similarity [*see* ECF No. 42 ¶ 61 (referring to a "dance" not included as a count); ECF No. 42 ¶ 63 (broadly alleging that "[a]ll other copying, images and the dance are included as "Exhibits" as they are not being litigated for infringement, but rather to show evidence of willful copying by the Defendant"); ECF No. 42-3 (containing side-by-side pictures of Plaintiff and Taylor Swift for uncertain reasons)].

[6] One additional point merits attention. Defendant argues, as a fallback position, that some of Plaintiff's claims are time-barred [ECF No. 68 pp. 20–21]. While it is true that copyright infringement claims must be "commenced within three years after the claim accrued," 17 U.S.C. § 507(b), Defendant has not persuasively argued, as a matter of law, that Plaintiff's claims accrued in 2019 and 2020 when some of Swift's songs were released. Plaintiff's claims are based on alleged reproduction, distribution, and promotion of the allegedly infringing works at various times, including in 2023 [ECF No. 42 ¶¶ 3, 8–9, 18, 68, 73, 75]. Thus, if Plaintiff's claims accrued at that point, her April 2024 commencement of this suit would be deemed timely. In any event, the Court need not pinpoint the exact moment of accrual because none of the claims states a claim for relief.

**PREJUDICE**.[7]  This Order should not be construed as a final determination of any of Plaintiff's claims in Case No. 25-14067; nor should it be deemed to have preclusive effect in that action.

3. Final judgment will be entered separately under Rule 58(a).

**ORDERED** in Chambers at Fort Pierce, Florida, this 29th day of September 2025.

_____
**AILEEN M. CANNON**
**UNITED STATES DISTRICT JUDGE**

cc:   counsel of record

---

[7] No additional repleading is warranted in this matter.  This is Plaintiff's third pleading in this action [ECF Nos. 1-1, 26, 42].  The Court has already warned Plaintiff that the Second Amended Complaint would constitute "Plaintiff's final opportunity to plead her claims" [ECF No. 41; *see* ECF No. 23].  And Plaintiff neither formally seeks leave to amend nor identifies what she could add to overcome the deficiencies identified in this Order [ECF No. 69].